WARREN B. HUTCHINSON, RELATOR, v. JOSEPH McDER-
MOTT, CLERK OF THE COUNTY OF MONMOUTH, RE-
SPONDENT.

Argued October 4, 1927—Decided October 7, 1927.

**Elections—Filling Vacancies Among Candidates—Section 20 of
Election Act is Only Applicable to Party Candidates Nomi-
nated by Petition to Run in Primaries for the Party Nomina-
tion—Since Relator Never Became a Candidate of the Party
Now Proposing to Fill the Alleged Vacancy, and Since There
was No Vacancy of a Candidate of That Party, the Writ
Must be Denied.**

On application for *mandamus*.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *Fred M. Burlew* and *Ward Kremer*.

For the respondent, *Applegate, Stevens & Foster, Leonard
& Reussille.*

PER CURIAM.

We are unanimously of the opinion that the relator is not
entitled to the remedy he seeks.

The procedure outlined in section 20 of *Pamph. L.* 1922, *p.*
443 (upon which relator relies), for the filling of va-
cancies among primary election nominees, is only applicable
to party candidates nominated by petition to run in the pri-
maries for the party nomination. It provides for the filing
of a certificate by the chairman and secretary of the state,
county or municipal committee as the case may be, setting
forth the cause of vacancy of a candidate nominated, the
name of the person nominated and that he is a member of
the same political party as the candidate for whom he is sub-
stituted, the office, and such further information as is re-
quired to be given in any original petition of nomination.
It is thus seen that this section of the law clearly limits the

right of the party organizations to fill a vacancy or vacancies of their candidates who preceding running in the party primary, filed their acceptances, and consented to stand as a candidate or candidates.

Since the relator never became a candidate of the party now proposing to fill the alleged vacancy, and since there was no vacancy of a candidate of that party, the peremptory writ sought in these proceedings must be denied and the rule to show cause discharged.