The plaintiff in the above entitled cause seeks to have his name printed on the election ballot as a Democratic nominee for member of the Township Committee of the Township of Ocean in the County of Monmouth. The parties have entered into a written stipulation in which it is agreed that there appeared on the Democratic primary ballot in Ocean Township no name for the office of "Member of the Township Committee" in the April primary of 1949. At the primary election Harry R. Schlossbach received thirty-five write-in votes. No one else received any write-in votes. The plaintiff Frank B. Cleveland did not receive any write-in votes. Thereafter, Harry R. Schlossbach failed or refused to file an acceptance to become the candidate at the general election as a result of the write-in votes for him. No action was taken by him or anyone else within the period limited by statute, namely seven days after the primary election. The certification of William B. Jeffrey, Clerk of the Township of Ocean, made on April 20, 1949, and directly after the primary election, discloses that no nomination was made for the office of Township Committeeman by the Democratic party. *Page 615 
On September 9, 1949, approximately five months after the primary election, Amos E. Kraybill, Jr., tendered to Edgar I. VanDerveer, Clerk of Elections of the County of Monmouth, a certificate signed by the members of the Democratic Executive Committee of Ocean Township certifying to the selection of Frank B. Cleveland as a Democratic candidate for the office of Ocean Township Committeeman, and requested by that certification that the name of Frank B. Cleveland be placed upon the ballot for the general election of 1949. Mr. VanDerveer refused to accept the certification on the ground that inasmuch as no one was nominated by the primary election in April, 1949, there was no vacancy and therefore he could not accept the certificate.
The sole question to be determined in this proceeding (so the parties contend), is whether a vacancy existed in the nomination of a candidate for member of the Township Committee of Ocean Township in the primary election held on April 19, 1949, and also the question whether the above mentioned facts give rise to a vacancy that might be filled pursuant to R.S. 19:13-20, as amended by P.L. 1942, p. 279, P.L. 1945, p. 794, andP.L. 1948, c. 261.
Even though no candidate appeared on the primary ballot, nor did any person receive the nomination for the particular office in question, the plaintiff has made application for summary judgment in his favor. The statute that is applicable to the dispute in this cause is R.S. 19:13-20, as amended. The statute provides that a county committee has the authority to designate a candidate only in the event of a vacancy among candidates nominated at the primary. There is no authority under the statutes giving the right to a county committee to act otherwise than to fill a vacancy among candidates nominated at primaries. The statutory procedure for the nomination of candidates is (1) the filing of petition in advance of the primary, and (2) receive "write-in votes" at the primary where no petition was filed, together with the acceptance of the nomination within seven days after the primary election, which is required by R.S. 19:23-16. *Page 616 
The plaintiff in the above cause did not file a petition prior to the primary election nor did he receive any votes at the primary election. Harry R. Schlossbach, having received thirty-five write-in votes, was entitled to become a candidate provided he filed his acceptance within the seven days after the primary as required by R.S. 19:23-16. There appears to have been no one in this case who has followed the statutory procedure to become a candidate and obtain the nomination. Therefore, there was no nominee and since there was no nominee or any person nominated at the primary, it follows that no vacancy could occur "among candidates nominated at primary."
The case of Hutchinson, relator, v. Joseph McDermott, Clerk ofthe County of Monmouth, reported in 5 N.J. Misc. 917 (1927), relates to a situation that was in part similar to the one under discussion, and in that case it was determined that the county committee was without authority to designate a candidate because no one had been nominated at the primary and therefore a vacancy did not exist to give the county committee authority.
The court determines that the plaintiff is not entitled to summary judgment. The motion for summary judgment made by the plaintiff is denied.